UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Ramon Zavala (#2014-0603013), | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 15 C 4124 |
| | ) | |
| v. | ) | |
| | ) | Judge John Z. Lee |
| Thomas Dart, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff's application for leave to proceed *in forma pauperis* [3] is granted. The Court orders the trust fund officer at Plaintiff's place of incarceration to deduct $2.83 from Plaintiff's account for payment to the Clerk of Court as an initial partial payment of the filing fee, and to continue making monthly deductions in accordance with this order. The Clerk of Court is directed to electronically send a copy of this Order to the Supervisor of the Inmate Trust Fund Accounts at the Cook County Jail. The Court further directs the Clerk of Court to: (1) file Plaintiff's complaint [1]; (2) terminate Toni Preckwinkle as a defendant to this action; (3) issue summons for service on Defendant Dart by the U.S. Marshal; and (4) send Plaintiff a blank USM-285 service form, a magistrate judge consent form, filing instructions, and a copy of this order. The Court advises Plaintiff that a completed USM-285 form is required for service on Defendant Dart. The U.S. Marshal will not attempt service on Defendant Dart unless and until the required form is received. The U.S. Marshal is appointed to serve Defendant Dart.

## STATEMENT

Plaintiff Ramon Zavala, an inmate in custody of the Cook County Department of Corrections, brings this *pro se* civil rights action under 28 U.S.C. § 1983 against Cook County Sheriff Thomas J. Dart and Cook County Board President Toni Preckwinkle. Plaintiff, who is Catholic, has been detained at Cook County Jail since June 3, 2014. According to Plaintiff, his constitutional rights have been violated because he was not allowed to attend Catholic services while he was housed in unit 2-K from October 2, 2014, to December 16, 2014. Plaintiff, who no longer is housed in unit 2-K, also alleges that he recently was denied access to Catholic services: "because of 18 to 6 policy, I . . . was not able to attend religious service because I was in my cell when religious service was called." *See* Compl. at 5.

Plaintiff's application for leave to proceed *in forma pauperis* demonstrates he cannot prepay the filing fee and is thus granted. Pursuant to 28 U.S.C. § 1915(b)(1), (2), the Court orders: (1) Plaintiff to immediately pay (and the facility having custody of him to automatically remit) $2.83 to the Clerk of Court for payment of the initial partial filing fee and (2) Plaintiff to pay

1

(and the facility having custody of him to automatically remit) to the Clerk of Court twenty percent of the money he receives for each calendar month during which he receives $10.00 or more, until the $350 filing fee is paid in full. The Court directs the Clerk of Court to ensure that a copy of this order is mailed to each facility where Plaintiff is housed until the filing fee has been paid in full. All payments shall be sent to the Clerk of Court, United States District Court, 219 South Dearborn Street, Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this case.

Under 28 U.S.C. §§ 1915(e)(2) and 1915A(a), the Court is required to screen pro se prisoners' complaints and dismiss the complaint, or any claims therein, if the Court determines that the complaint or claim is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See Jones v. Bock,* 549 U.S. 199, 214 (2007); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).

In performing this analysis, the Court employs the same standard used when reviewing Federal Rule of Civil Procedure 12(b)(6) motions to dismiss. *See Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011). A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *See Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original). Under the federal notice pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

"In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true." *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665–66 (7th Cir. 2013). Courts also construe *pro se* complaints liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

Here, accepting Plaintiff's factual allegations as true, the Court finds that the complaint states a *Monell* claim arising from Plaintiff's allegations that the jail's "18 to 6 policy" caused him to be unable to attend religious services in violation of the First Amendment. *See Cruz v. Beto*, 405 U.S. 319, 322 (1972) (holding that Free Exercise Clause of the First Amendment guarantees inmates a "reasonable opportunity" to practice their religion); 42 U.S.C. § 2000cc-1(a) (prohibiting prisons from imposing a "substantial burden" on an inmate's religious exercise). Plaintiff, however, included no allegations in his complaint from which individual liability against Sheriff Dart may be inferred; thus, the only claims that may proceed are those against Dart in his official capacity. Nothing in this order, which is based on a preliminary review of the complaint, precludes any legal argument that Defendant may advance in response to Plaintiff's allegations.

Cook County Board President Preckwinkle, however, is not a proper defendant to this action. Sheriff Dart has final policy-making authority at Cook County Jail and therefore is the proper defendant to a claim challenging the jail's policy. *McKinnie v. Dart*, No. 14 C 9588, 2015 WL 5675425, at *4 (N.D. Ill. Sept. 24, 2015). Preckwinkle therefore is dismissed.

The Court directs the Clerk of Court to issue summons for service of the complaint on Defendant Dart. The Clerk of Court is directed to mail Plaintiff a blank USM-285 (U.S. Marshals service) form. The Court advises Plaintiff that a completed USM-285 form is required for service on Defendant Dart. The U.S. Marshal will not attempt service on Defendant Dart unless and until the required form is received. Plaintiff must therefore complete and return a service form for Defendant Dart, and failure to do so may result in the dismissal of Dart as well as dismissal of this case for lack of prosecution.

The U.S. Marshals Service is appointed to serve Defendant Dart. The Court directs the U.S. Marshal to make all reasonable efforts to serve Defendant. With respect to any former employee of Cook County who can no longer be found at the work address provided by Plaintiff, Cook County officials must furnish the U.S. Marshal with the Defendant's last-known address. The U.S. Marshal will use the information only for purposes of effectuating service or to show proof of service and any documentation of the address shall be retained only by the U.S. Marshal. Address information will not be maintained in the Court file nor disclosed by the U.S. Marshal, except as necessary to serve Defendant. The U.S. Marshal is authorized to send a request for waiver of service to Defendant in the manner prescribed by Federal Rule of Civil Procedure 4(d) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the clerk of this court in care of the Prisoner Correspondent. In addition, Plaintiff must send an exact copy of any document he files in this Court to Defendant or to defense counsel if an attorney has entered an appearance on behalf of Defendant. Every document submitted by Plaintiff must include a certificate of service stating to whom exact copies were sent and the date of mailing. Any letters or other documents sent directly to a judge or that otherwise fail to comply with these instructions may be disregarded by the Court or returned to Plaintiff.


Date: 11/9/15                                                                                          /s/John Z. Lee